UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON DERICO )<br>    Plaintiff, )<br>v. )<br>)<br>UNITED RECOVERY SYSTEMS, )<br>LIMITED PARTNERSHIP )<br>    Defendant )<br>) | CASE NUMBER<br><br>COMPLAINT<br><br><br><br><br>JULY 12, 2010 |

## I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes a pendent State law claim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. The plaintiff, Sharon Derico, is a natural person residing in Griswold, Connecticut.

3. The defendant, United Recovery Systems, Limited Partnership ("URS"), is a Foreign Limited Partnership located in Texas that is engaged in the practice of debt collection in Connecticut and is licensed with the Connecticut Department of Banking as a consumer collection agency.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over URS because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff had opened an American Express account in her name only and accrued a debt ("the Debt").

8. The Debt was assigned to URS for the purposes of collection.

9. URS began contacting Plaintiff in an attempt to collect the Debt.

10. URS called and spoke with Plaintiff on or around June 15, 2010, and again on or around June 16, 2010.

11. URS called Plaintiff's neighbor on or around June 17th and June 18th 2010, and URS spoke with Plaintiff's neighbor, and URS left that neighbor a message with a phone number for Plaintiff to call URS back at.

12. Soon after the aforementioned call, the neighbor came over to Plaintiff's home and handed to Plaintiff's husband a note containing a phone number for URS.

13. Plaintiff's husband became irate about the fact that their neighbor had been involved in their financial affairs, and this caused an argument between Plaintiff and her husband, which distressed Plaintiff emotionally.

14. Plaintiff called back the number on the note her neighbor had given her husband, and she spoke with a URS supervisor who told her that the calls regarded Plaintiff's American Express account.

## V. CLAIMS FOR RELIEF

### Count One
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

15. Paragraphs 1-14 are herein incorporated

16. URS acted in an abusive and deceptive manner that violated 15 U.S.C. §§ 1692c(b), 1692d, and 1692f when it communicated with Plaintiff's neighbor in a manner that was not solely for the purpose of acquiring Plaintiff's location information.

17. For URS's violation of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### Count Two
### Violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

18. Plaintiff incorporates Paragraphs 1-14.

19. URS violated CUTPA by its unfair and deceptive collection activities, as described above.

20. Plaintiff suffered an ascertainable loss as a result of URS's conduct.

21. URS's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

22. For URS's violations of CUTPA, Plaintiff is entitled to recover her actual damages, punitive damages, and reasonable attorney's fees pursuant to Conn. Gen. Stat. 42-110g.

WHEREFORE, the Plaintiff seeks recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k and C.G.S. 42-110g; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k and C.G.S. 42-110g; punitive damages pursuant to 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, SHARON DERICO

By: _____
Daniel S. Blinn, ct02128
Matthew W. Graeber ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408 Fax (860) 571-7457